UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOWETT,

       Plaintiff,

                                          Case No. 15-12612
v.                                        Hon. Denise Page Hood

JPMORGAN CHASE BANK, N.A

       Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
(DOC. # 33) AND DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION (DOC. # 34).

       This matter is before the Court on the parties cross motions for reconsideration. Plaintiff David Mowett ("Mowett") claims that the Court committed palpable error by dismissing his Complaint. He argues that the Court gave him the impression that he did not feel there was undue delay in amending his Complaint and the Court gave him the impression that he would be able to amend his fraud claim. Mowett also claims that the Court did not properly consider the damages that he has allegedly suffered as a result of the events leading up to this case.

       Defendant JPMorgan Chase Bank ("Chase") argues that the Court committed a palpable defect when it failed to dismiss Mowett's Complaint "with prejudice." Chase claims that by not dismissing the case "with prejudice" the Court allowed Mowett the ability to re-file the same complaint against Chase, forcing Chase to defend against this

suit all over again. Chase contends dismissing Mowett's Complaint "with prejudice" will allow for a final adjudication on the merits. (Doc. 33 at 13-15).

Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration within 14 days after entry of judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L .R. 7(h)(2). "court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R.7.1(h)(3). A motion for reconsideration is proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich.2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013)

Chase's Motion for reconsideration is granted. The Court committed palapable error by dismissing the case "without prejudice." (Doc. # 30). "In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect." *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). See, *Bartsch v. Chamberlin Co. of Am.*, 266 F.2d 357, 358 (6th Cir. 1959)("the order of dismissal in the first case was not by reason of lack of jurisdiction or improper venue and did not

specify that it was not upon the merits, under Rule 41(b), Rules of Civil Procedure, it operated as an adjudication upon the merits. . . The District Judge correctly ruled that it operated as a bar to the present action.").

In its March 31, 2016, Order, granting Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court thoroughly examined each of Mowett's claims and determined they were not viable. (Doc. # 30). This constitutes a determination on the merits. By making a determination on the merits, the Court should have dismissed the matter with prejudice. Defendant is correct that if the Court fails to dismiss the action with prejudice, Mowett would be free to re-file the same case against Defendant - forcing the Defendant and the Court to spend more resources addressing this matter all over again. Failing to dismiss the Order with prejudice fails to honor  Rule 12b6's preclusive effect, and contradicts the goal of providing finality under Rule 41(b). *Dyer*, 870 F.2d at 1066;  *Bartsch*, 266 F.2d at 358. Granting Defendant's Motion will cure this error.

To the extent Mowett argues that the Court should grant his motion for reconsideration because it allegedly committed palpable error by dismissing his action, he is wrong. Mowett's motion for reconsideration  rehashes the same arguments and issues that he presented in his Complaint and response to Defendant's motion to dismiss. This is insufficient under L. R.7.1(h)(3).  Mowett also argues the Court erred by not considering his sur-reply to Chase's motion to dismiss; however, the Court did review the sur-reply - even though it was filed more than four months after Chase's reply - and determined that

the sur-reply did not add any additional information that could save Mowett's Complaint. Mowett even admitted during the February 17, 2016 hearing that his sur-reply was a "combination of a sur-reply and what I would like to [say] if my motion for leave to amend my complaint is granted." (Doc. # 32 pg. 7 lines 22 - 24). Accordingly, the Court did not err in dismissing his action and not addressing the sur-reply in its March 31, 2016, Order.

In conclusion, Defendant's Motion for Reconsideration (Doc. #33) is **GRANTED**; Plaintiff's Motion for Reconsideration (Doc. # 34) is **DENIED.**

**IT IS ORDERED**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 25, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager